CAMELLA J. ULERY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ULERY v. COMMISSIONER
Docket No. 4989-89
United States Tax Court
T.C. Memo 1990-392; 1990 Tax Ct. Memo LEXIS 403; 60 T.C.M. (CCH) 282; July 25, 1990, Filed *403 An appropriate order and decision will be entered. Camella J. Ulery, pro se. Robert P. Crowther, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motions To Dismiss For Failure to Properly *404 Prosecute and for Damages Under Section 6673. For reasons stated below, we grant both motions. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for 1982 in the amount of $ 573 and additions to tax as follows: Year
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1982
$ 143.25
$ 28.65
*
$ 55.78
The issues raised by the petition and answer are: 1. Whether respondent's deficiency determination is correct. 2. Whether petitioner received taxable wage income. 3. Whether petitioner received taxable unemployment compensation from the State of Alaska, Department of Labor. 4. Whether petitioner is liable for additions to tax for: (a) failure to file returns under section 6651(a)(1); (b) negligence *405 or intentional disregard of the rules and regulations under section 6653(a)(1) and (2); and (c) failure to pay estimated tax under section 6654. 5. Whether petitioner is liable for a penalty under section 6673 for instituting and maintaining this action primarily for delay. Petitioner resided in Nenana, Alaska when she filed her petition in this Court. Failure to Properly Prosecute
Rule 123(b) provides, "For failure of a petitioner properly to prosecute * * * or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's unexcused failure to appear at a trial and failure to participate in any meaningful way in the resolution of the case can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. ; , *406 affd. without published opinion ; , affd. ; . Respondent determined that petitioner failed to file a timely 1982 Federal income tax return. Respondent determined her tax liability for the year at issue on the basis of wages and unemployment compensation income based on Forms W-2 and 1099. Respondent determined petitioner's filing status to be married, filing separately and petitioner was allowed one exemption. In her petition, petitioner raised a variety of tax protestor positions, for example, that there is no provision making petitioner liable for any tax imposed nor is there any section requiring her to file a return; there is no reasonable basis in law or fact for the determination; the notice of deficiency is a computer printout and is not based on a determination made by a human being; petitioner's gross receipts do not constitute taxable income; the Commissioner of Internal Revenue has imposed a direct tax on gross receipts in violation of the Constitution; petitioner *407 is a nontaxpayer under the Internal Revenue Code; there is no provision making petitioner liable for any tax imposed; and there is no section requiring her to file a return. This case is substantially similar to a case filed by petitioner in this Court with respect to her 1983 taxable year. In that case, Docket No. 19649-88, we granted respondent's motion to dismiss for failure to properly prosecute. With respect to pretrial contacts from respondent relating to this case, petitioner has either failed to respond or, if she responded, has failed to offer any information relating to the determination of her correct tax liability for 1982. She has never disputed her receipt of the amount of wage and unemployment compensation income reported to the Internal Revenue Service by her employer and the State of Alaska. Instead, she has made groundless arguments and general allegations that she can prove that she is entitled to some tax benefits not allowed by respondent. Petitioner was served on January 17, 1990, with the Court's notice setting this case for trial. This notice prominently states in capital letters that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY *408 OF DECISION AGAINST YOU." Notwithstanding the Court's Pretrial Order, no appearance was made by or on behalf of petitioner when this case was called for trial. Respondent's motion for damages under section 6673 states that he received a letter from petitioner that reflected her awareness of the upcoming trial. No reason was offered for her failure to appear. Petitioner made no request for continuance. We can only conclude that petitioner's failure to appear at the call of this case was intentional. In light of the above, we grant respondent's motion to dismiss this case for failure to properly prosecute. Imposition of a Penalty under Section 6673
At trial, respondent filed a motion for damages (now called a penalty) under section 6673. For positions taken before 1990, section 6673 enables this Court to award damages up to $ 5,000 where the proceedings instituted by the taxpayer are primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Sec. 6673(a); , affg. ; *409 ; . For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court may award a penalty not in excess of $ 25,000 in these proceedings. Sec. 6673(a)(1); . It appears to the Court that each of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this case. On the basis of the entire record, the Court concludes that petitioner's failure to be present at trial and offer any evidence to disprove any of the issues raised by the notice of deficiency, and reliance on worn-out tax protestor-type arguments that have been consistently rejected by this Court, is frivolous and groundless and that she instituted these proceedings primarily for purposes of delay. Petitioner has wasted the resources of this Court by making these frivolous, tax protestor-type arguments. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 500. An appropriate order and decision will *410 be entered. Footnotes
*. 50 percent of the interest due on the deficiency↩